IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  10 C 3092 |
| | ) | (06 CR 174-3) |
| ERNEST MYERS, | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

No good deed goes unpunished.  On May 19, 2010 this Court entered a brief memorandum order ("Order"), seeking to preserve the ability of Ernest Myers ("Myers") to proceed under 28 U.S.C. §2255 ("Section 2255"), as he had sought to do in a May 3, 2010 pro se filing.  Because Myers, instead of having responded as this Court's earlier May 11 memorandum order had suggested in that regard, had filed another pro se motion on May 17, the Order (1) construed his later filing as a Section 2255 motion charging the deprivation of constitutional rights and (2) ordered responses by the United States Attorney's Office and by Myers' trial counsel.[1]

Now Myers has tendered a self-prepared "Motion To Strike/or Quash Memorandum Order," taking umbrage at this Court's efforts to enable him to pursue a Section 2255 remedy if he wishes to do

---

[1]  As with his May 3 filing, Myers' May 17 submission had again been captioned as having been tendered under Section 2255 as well as other auspices.

so. Even though both his earlier motions were expressly labeled as having been filed pursuant to Section 2255, Myers criticizes this Court as having impermissibly recharacterized those filings. This Court has of course been well aware of the Supreme Court's teaching that such recharacterization should not take place, but it has not regarded its actions here--prompted by solicitude for a pro se litigant's rights--as having violated that principle.

But in light of Myers' current insistence, this Court will take him at his word. Accordingly:

1. It vacates the Order, and the United States Attorney's Office and Myers' trial counsel are instructed to disregard the directives set out there.

2. It continues to deny (a) Myers' motions for the appointment of a "polygraph expert" and for the ordering of polygraph tests and (b) Myers' current request that this Court "order[ ] the sworn officer[s] to rebut each and every issue as numbered, word for word, line for line, and paragraph for paragraph, inclusive of the statement for statement."

This Case No. 10 C 3092, which was opened solely as a matter of administrative convenience, is closed.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 3, 2010

2