```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
    v.                      )   No.  10 C 3092
                            )       (06 CR 174-3)
                            )
ERNEST MYERS,               )
                            )
            Defendant.      )

                        MEMORANDUM ORDER

After this Court issued its June 24, 2010 Statement as to Certificate of Appealability, explaining its view that no such certificate should issue to Ernest Myers ("Myers"), he voluntarily dismissed the appeal that he had filed with the Court of Appeals. Thereafter Myers filed in this District Court on July 6 what is pretty much a repeat of one of his earlier filings--a document that he has labeled as "Motion To Show Cause Pursuant to the Due Process Clause and 28 U.S.C. 2255" (Dkt. 18 in Case No. 10 C 3092).

But despite this Court's several earlier memorandum orders that sought in part to provide some degree of guidance to Myers, he has continued to persist in a style that does not involve any assertion that satisfactorily identifies a violation of his constitutional rights and that can fairly be construed as a 28 U.S.C. §2255 ("Section 2255") motion. Instead he has once again set out a laundry list of matters as to which he claims, in this most recent filing, that the United States must "show cause as to

the unanswred question[s] of constitutional and statutory concerns." As this Court's May 11, 2010 memorandum order had said of a like earlier filing by Myers:

Those requests really put the cart before the horse.

What Myers concludes by saying in the current filing is that he "was denied a fair and impartial trial by jury and adjudication by the seventh Circuit Court of Appeal[s] due to lack of complete discovery." But Myers was represented by counsel both in the trial before this Court and on appeal, and before this Court the government had followed its customary "open file" policy and practice in the case, providing more than the level of discovery mandated by Fed. R. Crim. P. 16(a).

This Court is not required to guess at the claimed constitutional violations that are being charged by a Section 2255 movant, and Myers' generalized ipse dixit does not suffice. Myers' appeal bring to mind what was said of Mr. Macawber in David Copperfield:

That he may be ready--in case of anything turning up.

In sum, despite this Court's efforts to assist Myers in preserving a Section 2255 claim if he indeed had one, Myers has still not satisfied the basic requirement of that statute. Myers' most recent "Motion To Show Cause" is denied, and he has

failed to file any proper Section 2255 motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 20, 2010